**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **EMILY NOEL ANDERS** | **CIVIL ACTION NO. 25-497** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MARCO RUBIO ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Dismiss (R. Doc. 13) filed by Marco Rubio[1] and the United States Department of State (together "Defendants"). Emily Noel Anders ("Plaintiff") filed an untimely opposition (R. Doc. 15). Defendants replied (R. Doc. 17). Plaintiff has also filed a Motion for Leave to File Sur-Reply (R. Doc. 21).

Having carefully considered the parties' memoranda and the applicable law, the Motion to Dismiss is **GRANTED**.

## BACKGROUND[2]

On January 24, 2023, Plaintiff, a United States citizen, filed an I-130 Petition for Alien Relative for her husband, Seyed Reza Sadatian ("Mr. Sadatian"), an Iranian citizen, *see* R. Doc. 8 at 2, which the U.S. Citizenship and Immigration Services approved on December 28, 2023. *See* R. Doc. 8 at 3. The following month, Plaintiff and Mr. Sadatian submitted the required documentation to the National Visa Center

[1] Marco Rubio is sued in his official capacity as the United States Secretary of State. *See* R. Doc. 8 at 1.

[2] Since Defendants challenge the jurisdiction of the Court, the factual background derives from Plaintiff's Amended Complaint, any undisputed facts in the record, and our resolution of any disputed facts. *Walch v. Adjutant General's Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). The parties filed several submissions, including the Sur-Reply, notices, and responses, *see* R. Docs. 21, 22, 23, and 24, which were all considered in this Court's disposition.

(the "NVC"). *See* R. Doc. 8 at 3. On February 6, 2024, the NVC marked Plaintiff's documentation as "qualified."[3] *See* R. Doc. 8 at 3. Several months later and after Plaintiff filed this action[4] seeking "a writ of mandamus compelling the Defendants to schedule the interview and process the CR1 visa application for [Mr.] Sadatian…[,]" *see* R. Doc. 8 at 7, the United States Embassy in Ankara set an interview for August 14, 2025. *See* R. Doc. 15 at 2; *see also* R. Doc. 17 at 2. Then, Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(1) on July 22, 2025, since an interview was scheduled. *See* R. Doc. 13. Mr. Sadatian attended the interview and was advised that additional documentation was needed to move forward with his visa application. *See* R. Doc. 15 at 2. A second interview was scheduled for and completed on September 8, 2025. *See* R. Doc. 17-1 at 1; *see also* R. Doc. 22 at 1. According to Plaintiff, no further action has been taken, and the matter remains pending. *See* R. Doc. 22 at 1. However, Defendants contend that Mr. Sadatian's visa application has been adjudicated and refused by a United States consular officer. *See* R. Doc. 23 at 1; *see also* R. Doc. 24-3.

**LAW AND ANALYSIS**

Defendants assert that the case before the Court is now moot. *See* R. Doc. 13-1 at 5. According to Defendants, not one but two interviews have been scheduled and completed for Mr. Sadatian. *See* R. Doc. 17 at 2; *see also* R. Doc. 23 at 1. Further, a consular officer refused to issue a visa to Mr. Sadatian. *See* R. Doc. 23 at 1; *see also*

[3] According to Plaintiff, "qualified" means that "all required documents [were] submitted, accepted, and the case was ready for interview scheduling." *See id.*

[4] R. Doc. 1. Plaintiff amended her Writ of Mandamus on April 25, 2025. R. Doc. 8.

R. Docs. 24 and 24-3. Thus, Defendants argue that Plaintiff's request is now moot. *See* R. Doc. 13-1 at 5; *see also* R. Doc. 17 at 2; R. Doc. 23 at 2. Plaintiff contends that Mr. Sadatian's application remains pending for further review and, thus, has not been processed completely. *See generally* R. Doc. 15; *see also* R. Doc. 24.

In order to receive an extraordinary remedy such as a writ of mandamus, certain conditions must be met. *See Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) ("Mandamus is, of course, an extraordinary remedy" that requires the seeking party to "establish (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."). However, this Court's disposition rests on the threshold matter of jurisdiction, which, as always, must be decided first. *Louisiana v. United States Department of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first.") (internal citation and quotations omitted); *see also In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) ("A district court's obligation to consider a challenge to its jurisdiction is non-discretionary.").

"For jurisdiction to exist, the [C]ourt must have a live case or controversy before it at all times." *Waterfield v. Lumpkin*, 853 Fed.Appx. 989, 990 (5th Cir. 2021) (citing *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc)); *see Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citation modified). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot."

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (internal citation and quotations omitted).

Such intervening circumstances have occurred here. It is undisputed that Mr. Sadatian has received two interviews—one on August 14, 2025, and another on September 8, 2025. *See* R. Doc. 15 at 2; *see also* R. Doc. 17 at 2; R. Doc. 22 at 1. Plaintiff seeks "a writ of mandamus compelling the Defendants to schedule the interview and process the CR1 visa application for [Mr.] Sadatian…." *See* R. Doc. 8 at 7. Having received two interviews, Plaintiff's request for a writ of mandamus compelling Defendants to schedule Mr. Sadatian's interview is moot.[5]

Under 22 C.F.R. § 42.81(a), a consular officer must issue or refuse a visa application. *See Sedaghatdoust v. Blinken*, 735 F. Supp. 3d 1, 7 (D.D.C. 2024) ("[T]he *only* duty that the statute or regulations impose on the consular officers is a duty to grant or refuse a visa [application].") (emphasis in original). Here, "[a United States] consular officer … adjudicated and refused [Mr. Sadatian's] visa application." *See* R. Doc. 24-3. Nevertheless, Plaintiff contends that this decision is not final. *See* R. Doc. 24 at 3. But no further actions are required by the consular officer. *See Sedaghatdoust*, 735 F. Supp. 3d at 7 (citing *Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 100–02 (D.D.C. May 9, 2024)); *see also Pegah Z. v. Blinken*, No. 24-529, 2025 WL 629343, at *3–4 (S.D. Tex. Feb. 4, 2025) (holding that a consular officer's issuance of a refusal sufficiently adjudicated a visa application under 8 U.S.C. § 1202(b)

[5] Plaintiff's Opposition was filed out of time. *See* R. Docs. 14 and 15. As such, the Court could deem Defendants' Motion to Dismiss as unopposed. Nevertheless, the Court's disposition would not be affected.

thereby mooting the plaintiff's request to issue a writ of mandamus) (collecting cases). In light of the decisions of other district courts, this Court holds that the consular officer's decision in this case renders Plaintiff's request to compel Defendants to process Mr. Sadatian's visa application moot.

## CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss (R. Doc. 13) is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers this 2nd day of February, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**